UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**CALLISTA SUZENA CHIWOCHA,**
 Petitioner,

**v.**            **7:22-cv-1393-CLM-NAD**
**KIMBERLY NEELY,**
 Respondent.

## MEMORANDUM OPINION

 Petitioner Callista Suzena Chiwocha has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). The magistrate judge has entered a report, recommending that the court dismiss Chiwocha's petition without prejudice as moot. (Doc. 17). Chiwocha has filed objections, supported by exhibits. (Doc. 18).

 As explained in the report and recommendation, after Chiwocha filed her petition, the Bureau of Prisons applied 365 days of earned time credit under the First Step Act ("FSA") to Chiwocha's sentence. (Doc. 17 at 5). Because that was the only relief available to Chiwocha, the magistrate judge recommended that the court find that her petition is moot. (*Id.* at 7–8).

 In her objections, Chiwocha asserts that she should also receive credit for the number of days of earned time credit in excess of 365 that she has earned under the FSA. (Doc. 18 at 2). But Chiwocha ignores the language of 18 U.S.C. § 3624(g)(3), which caps the time credits that can be used to advance a release to supervised release at 12 months. *See id.* (stating that the BOP Director "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632"); *see also* 28 C.F.R. § 523.44(d)(3) (BOP may use time credits to transfer prisoner to supervised release "no earlier than 12 months before the date that transfer to supervised

release would otherwise have occurred"). Because there is no further relief this court can give, Chiwocha's claim is moot.

Chiwocha now suggests that the rest of her earned credits may be used to expedite her transfer to either a Residential Reentry Center ("RRC") or to home confinement. (Doc. 18 at 2–3). Assuming that this claim—raised for the first time by Chiwocha in her objections—is properly before the court, Chiwocha seeks relief this court cannot provide.

Federal district courts lack authority to order the BOP to place a prisoner in a RRC or home confinement. By statute, the BOP "shall designate the place of the prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). "Notwithstanding any other provision of law," any such "designation" by the BOP "is not reviewable by any court." *Id.*; *see also Sills v. FCI Talladega Warden*, 2023 WL 1775725, at *3 (11th Cir. Feb. 20, 2023) ("the court lacked the authority to order [the petitioner's] placement in home confinement.").

So while the BOP has the authority to place a prisoner in "prerelease custody," including home confinement under 18 U.S.C. § 3624(c)(2), this decision is not reviewable by a federal court. *See* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

Having reviewed and considered de novo all the materials in the court file, including the report and recommendation and Chiwocha's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's findings, and **ACCEPTS** the recommendation. The court will **DISMISS WITHOUT PREJUDICE** Chiwocha's petition for writ of habeas corpus as **MOOT**. The court will enter a separate final judgment that closes this case.

**Done** and **Ordered** on February 2, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE